STATE OF NORTH CAROLINA v. STEPHEN KARL SILHAN

No. 30

(Filed 17 October 1978)

1. **Criminal Law § 75.11— in-custody interrogation—no effective waiver of counsel**

Defendant did not make an effective waiver of his rights to remain silent and to have an attorney present during in-custody questioning where defendant answered negatively when asked whether he wanted "any individual or person present," officers asked defendant to sign a waiver of rights form only after he had made incriminating statements, and defendant crossed out the word "not" in the waiver form so that he signed a form stating, "I do want a lawyer present."

2. **Criminal Law §§ 146, 149— State's appeal of motion to suppress—death or life sentence—jurisdiction of Supreme Court**

The State's appeal from an order granting a motion to suppress pursuant to G.S. 15A-979(c) is properly made to the Supreme Court, rather than to the Court of Appeals, where the punishment for the crime charged is either death or life imprisonment. G.S. 7A-27(a).

Justice BRITT took no part in the consideration or decision of this case.

APPEAL by the State pursuant to G.S. 15A-979(c) from *Clark, J.,* 12 December 1977 Criminal Session of CUMBERLAND Superior Court.

Upon indictments proper in form, defendant was charged with first degree murder, first degree rape and assault with a

deadly weapon with intent to kill inflicting serious injury. The defendant moved to suppress oral statements made by him, which motion was granted before trial.

The defendant was arrested on 20 September 1977 for the offenses named above that were allegedly committed on 13 September 1977. He was advised of his rights and indicated a desire to talk with an attorney. The arresting officers, Conerly and Byrd, asked no questions, but they told the defendant that unless he told his side of the story, they "could only believe that he was the fiend."

On 21 September 1977, the Office of the Public Defender was appointed to represent the defendant, and this fact was made known to the Sheriff of Cumberland County, the Fayetteville Police Department and the respective detective divisions. Counsel for the defendant also advised these officials that the defendant did not wish to answer any questions without the presence of his attorney.

That very evening Detective Byrd attempted to question the defendant alone, but he stated that he would talk only if his attorney, Mr. Deno Economou from the Office of the Public Defender, were contacted. On 27 September 1977, Detective Byrd again tried to interrogate the defendant alone, and the defendant again indicated that he did not wish to discuss the case with him.

On 14 October 1977, the defendant was convicted in Chatham County of kidnapping, assault and crime against nature. After he was returned to his cell in Cumberland County, Officers Conerly and Byrd began questioning the defendant once more. The defendant was taken by the detectives to the jailor's dining room in the Law Enforcement Center where he was advised of his rights, which defendant indicated he understood. After he was told he had the right to have an attorney present, the defendant was informed by the officers that his appointed attorney, Deno Economou, was leaving the Office of the Public Defender and probably would not be representing him at trial. He was then asked if he wanted to talk to any "person or individual," and the defendant replied no.

The interrogation between the defendant and the officers lasted approximately three and one-half hours. At the beginning

the defendant told the officers that he was scared of the police, and throughout the conversation he seemed visibly upset and experienced fits of crying. He refused any offer of food, claiming that he was sick and could not keep anything on his stomach.

At the conclusion of the interrogation, after the defendant had made incriminating statements to the officers, he was asked to sign a written waiver of his constitutional rights. He refused because of the sentence located thereon that read: "I do not wish to have a lawyer present." The defendant then marked out the word "not" so that the statement read: "I do wish to have a lawyer present," and he signed the form.

Judge Clark granted defendant's pre-trial motion to suppress the introduction of his 14 October 1977 statements into evidence at trial. In his order at the conclusion of the hearing, the judge found that "such statements were not freely, voluntarily and understandingly made by the defendant after he had freely, voluntarily and understandingly waived his rights under the Constitutions of the United States of America and the State of North Carolina, to remain silent and to have the assistance of counsel at the time of making said statements." This conclusion of law was based on findings of fact substantially similar to the facts disclosed above.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Joan H. Byers for the State.*

*Public Defender Mary Ann Tally for the defendant.*

COPELAND, Justice.

[1] We have reviewed the State's contention that Judge Clark erred in suppressing from evidence the defendant's oral statements made to Detective Conerly and Byrd on 14 October 1977. We conclude that the judge was correct in allowing the defendant's motion.

The United States Supreme Court laid down the guidelines for what constitutes waiver of the rights to counsel and to remain silent during in-custody interrogation in the landmark decision of *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602 (1966). It is clear that a defendant does not waive the right to an

attorney if he merely fails to request one on his own initiative. *Id.* at 470, 16 L.Ed. 2d at 721, 86 S.Ct. at 1626. Similarly, the Court stated:

> "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Carnley v. Cochran,* 369 U.S. 506, 516, 8 L.Ed. 2d 70, 77, 82 S.Ct. 884, 890 (1962), quoted in 384 U.S. at 475, 16 L.Ed. 2d at 724, 86 S.Ct. at 1628.

On numerous occasions this Court has interpreted and applied the dictates of *Miranda.* In *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123 (1971), the defendant was given his full *Miranda* warnings, he understood his right to counsel, and he did not request an attorney. We held that "[t]his, however, is not sufficient to make the defendant's in-custody statements admissible in evidence." *Id.* at 48, 185 S.E. 2d at 127. Last term we followed the *Blackmon* decision in *State v. Butler,* 295 N.C. 250, 244 S.E. 2d 410 (1978), and held that a defendant's waiver of counsel must be "specifically made." In other words, there must be some *positive* indication by the defendant that he does not wish to have an attorney present during the questioning.

In this case the officers asked whether defendant wanted "any individual or person present." Defendant's negative response to this question cannot be deemed a positive and specific waiver of counsel under the circumstances here disclosed. The detectives did not ask the defendant to sign a waiver form before interrogation began. They waited until after "the mule was out of the stable," and the defendant had already made incriminating statements. Furthermore, the defendant crossed out the word "not" in the waiver form so that he signed a paper stating: "I do want a lawyer present." This act is strong evidence negating any waiver of counsel. Thus, we find that defendant did not make an effective waiver of his rights to remain silent and to have an attorney present during the questioning.

[2] The State appealed this case pursuant to G.S. 15A-979(c), which provides:

"An order by the superior court granting a motion to suppress prior to trial is appealable to the *appellate division* of the General Court of Justice prior to trial upon certificate by the prosecutor to the judge who granted the motion that the appeal is not taken for the purpose of delay and that the evidence is essential to the case." [Emphasis added.]

We note that this section does not specify whether an appeal lies to the Court of Appeals or to the Supreme Court. General Statute 7A-27(a), however, stipulates that there is an appeal of right to the Supreme Court from a superior court judgment imposing a sentence of death or life imprisonment. When these two statutes are considered together, we determine that it is proper to appeal directly to this Court if the punishment for the charge(s) is either death or life imprisonment.

For the reasons set out above, the order of Judge Clark is in all respects.

Affirmed.

Justice BRITT took no part in the consideration or decision of this case.