State v. Curry

Reversed and remanded.

Judges MARTIN (Robert M.) and ARNOLD concur.

---

STATE OF NORTH CAROLINA v. JOHN ROBERT CURRY, JR.

No. 7926SC69

(Filed 19 June 1979)

Criminal Law § 75.11— in-custody interrogation—waiver of rights—no explicit waiver of counsel

Defendant voluntarily and knowingly waived his constitutional rights prior to in-custody interrogation where he was advised of his rights, was allowed to read them, signed a waiver of rights form, expressed a willingness to talk, and did not ask for an attorney, although it is questionable whether defendant explicitly waived counsel.

APPEAL by defendant from *Mills, Judge.* Judgment entered 24 August 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 24 April 1979.

Defendant was charged with (1) breaking and entering a building of Hamilton College on 18 February 1978 and (2) theft of money from a coin machine.

Defendant, age 16, and John Hemphill, both students at Myers Park High School, were taken from school, with consent of the principal, by Officer R. B. Crenshaw, to his office at the police station. A witness from Checker Cab Company identified them as the ones who had broken into a coin machine at Checker Cab. The witness knew both boys. Defendant was charged with that offense. Defendant confessed. Defendant moved to suppress the confession. After *voir dire* the motion was denied. Defendant then pled guilty as charged. A transcript of his plea was taken. From judgment imposing imprisonment of 4 to 5 years as a Committed Youthful Offender, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Sandra M. King for the State.*

*Public Defender Fritz Y. Mercer, Jr., by Assistant Public Defender Theo X. Nixon for defendant appellant.*

CLARK, Judge.

In the *voir dire* hearing Officer Crenshaw testified that when defendant and Hemphill were brought to the principal's office they were advised that they were suspects of breaking into the vending machine at Checker Cab. They were advised of their *Miranda* rights in the presence of the principal before leaving the school on the way to the police department Law Enforcement Center. He turned defendant over to Officer D. V. Crump.

Office Crump testified that when defendant was brought to the Center he advised him of his rights. Defendant said, "I know what [my rights] are. I've seen them before." He did not ask for a lawyer. Defendant signed a Waiver of Rights form. Defendant was identified by the witness from Checker Cab. Defendant said, "I've been caught." He was asked about other crimes, and he freely began to tell Crump about breaking into other vending machines with a screwdriver, including the subject crimes.

The court found that defendant's confession was freely and voluntarily given after being advised of his constitutional rights. The motion to suppress was denied.

Defendant contends that there was no evidence that defendant specifically waived his right to counsel, and relies on *State v. Butler*, 295 N.C. 250, 244 S.E. 2d 410 (1978), which held that defendant's statement was inadmissible because he had not made an "express" or "specific" waiver of his rights.

On 24 April 1979 the United States Supreme Court, in *North Carolina v. Butler*, 47 U.S.L.W. 4454 (1979), rejected the express waiver rule of *Butler*. It was held that a defendant could waive his right to counsel without explicitly stating that he waives that right. The evidence in *Butler* on the waiver question is remarkably similar to the evidence in the case *sub judice*. Defendant, in *Butler*, had an eleventh grade education, defendant Curry a tenth grade education. Both were told of their rights, allowed to read them, and apparently understood them. Both expressed willingness to talk, and neither asked for an attorney. In the case before us, defendant signed a waiver, but defendant, in *Butler*, did not.

In the case *sub judice*, it is questionable whether the defendant explicitly waived counsel. Officer Crump testified that he

could not recall that defendant said he did not want or did not need a lawyer, but he was sure that defendant did not ask for a lawyer. Officer Crenshaw testified that defendant was told he could call a lawyer if he wanted one, and defendant said he didn't need one.

The question of waiver must be determined on "the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464, 82 L.Ed. 1461, 1466, 58 S.Ct. 1019 (1937). An implicit waiver may be sufficient. We find the evidence sufficient to support the finding of the trial court that defendant knowingly and voluntarily waived the rights delineated in the *Miranda* case. The judgment is

Affirmed.

Judges VAUGHN and CARLTON concur.